SARAH T. CASSITY, *Ex'rx*, *versus* FRANCIS COTA & *Tr*.

Where the Court had, at the time of the entry of the action, no jurisdiction either of the person or by the attachment of the property of the defendant, the case will, on motion seasonably filed, be dismissed, although personal service were made before a hearing upon the motion.

ON EXCEPTIONS.

BARROWS, J. — The plaintiff brought her action at the January term of this Court, A. D. 1864, against a person not residing in this State, nor at that time within the jurisdiction, summoning an alleged trustee, who at the return term disclosed and was discharged. The action was nevertheless suffered to remain· upon the docket of the Court, and, some two years later, personal notice, having been ordered, was served upon the defendant, who had then come within the jurisdiction. A motion to dismiss having been seasonably filed, the question seems to be, whether parties plaintiff can be permitted to cumber the dockets of the Court with actions in which, *at the time of entry*, the Court has no jurisdiction either of the person or property of any parties defendant, relying upon the chance of finding the defendant within the State at some future time.

Writs are to be made returnable in the several counties at the term next after they are sued out, if sued out in season for service, if not, then at the next succeeding term, and the question of jurisdiction must be settled by *the facts existing at the time of the entry of the action*. If jurisdiction has been acquired by due personal service, or if goods, estate, effects or credits of any defendant are found within this State, and attached on the original writ, jurisdiction will be sustained in all actions commenced in any court proper to try them. R. S., c. 81, §§ 5 & 18.

In this case, when it appeared, by the discharge of the alleged trustee, that the Court had no jurisdiction in either of these modes, it was the duty of the plaintiff's attorney to

have the action dismissed. It is a misprision to take order of notice where the Court has no jurisdiction either of the person or by attachment of the property of any defendant.

*Exceptions sustained.—Action dismissed.*

APPLETON, C. J., KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.

*Williams*, for the plaintiff, cited R. S., c. 81, § 18.

*J. D. & F. Fessenden*, for the defendant.